JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID E. MURRAY,<br><br>    Defendant. | Case No. 8:23-cv-01912-JWH-KESx<br><br>**JUDGMENT** |

Pursuant to the "Order Granting Plaintiff's Motion for Summary Judgment [ECF No. 23]" filed substantially contemporaneously herewith, and in accordance with Rules 56 and 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332.

2. The operative pleading in this case is the Complaint [ECF No. 1] filed by Plaintiff Nationwide Mutual Insurance Company ("Nationwide").

3. Nationwide shall have **JUDGMENT** in its favor, and **AGAINST** Defendant David E. Murray ("Murray").

4. The Court **DECLARES** that the "Uninsured Property Exclusion" contained in the insurance policy that Nationwide issued to Murray (the "Policy") bars coverage for the lawsuit pending against Murray in the District Court for Harris County, Texas, 151st Judicial District, Cause No. 202134123, entitled *ME Alpha III, LLC v. David Murray*, for which Murray seeks coverage (the "Underlying Action"), and, as a result, Nationwide has no duty to indemnify Murray under the Policy in connection with the Underlying Action.

5. The Court **DECLARES** that the "Business Exclusion" contained in the Policy also bars coverage for the Underlying Action, and, as a result, Nationwide has no duty to indemnify Murray under the Policy in connection with the Underlying Action.

6. Other than potential post-judgment remedies (including those provided in Rule 54(d) of the Federal Rules of Civil Procedure), to the extent that any party requests any other form of relief, such request is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 1, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE